**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.

**DAVID HOWARD,**                                 Criminal No. 09-CR-0349A

      **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with Title 28, United States Code, Section 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #321.

The defendant, David Howard, is charged in count one of a nineteen count indictment returned against ten defendants with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine, and fifty grams or more of a mixture and substance containing cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846. Dkt. #1.

Defendant's omnibus motions were denied as moot following oral argument. Dkt. #407. This Report, Recommendation and Order addresses defendant's motion to suppress evidence obtained pursuant to electronic surveillance. Dkt. #400. For the following reasons it is recommended that the motion be denied.

Standing

Defendant's motion alleges, without explanation, that he is an aggrieved person and has standing to contest the interceptions of electronic communications. Dkt. #400, ¶ 84.

The government responds that defendant has failed to establish standing to challenge the intercept orders issued by the Hon. William M. Skretny because he has failed to affirm that he was a party to any communication intercepted pursuant to any of the wiretap orders pertaining to this indictment. Dkt. #403, ¶¶ 19-21. However, the government states that it "is currently aware of only one cellular telephone number from which the defendant was intercepted: *i.e.*, 716-704-0280." Dkt. #403, ¶ 22.

18 U.S.C. § 2518(10)(a) permits any aggrieved person to move to suppress the contents of any intercepted communication on the grounds that the communication was unlawfully intercepted; the order approving interception was insufficient on its face; or the interception was not made in conformity with the interception order. An "aggrieved person" is defined as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). This provision "is to be construed in accordance with standing requirements usually applied to suppression claims under the fourth amendment." *United States v. Gallo*, 863 F.2d 185, 192 (2d Cir. 1988), *cert. denied*, 489 U.S. 1083 (1989).

Inasmuch as the application for the intercept order for telephone number 716-704-0280 (08-MR-56), seeks authorization to intercept wire communications of David Howard and identifies David Howard as an interceptee, defendant David Howard has demonstrated standing to move against the intercept orders.

Necessity

Defendant claims that the intercept orders were erroneously granted by Chief Judge William Skretny because the wiretap applications did not demonstrate that other investigative procedures were exhausted or adequately considered. Dkt. #400, ¶¶ 85-89.

The government responds that the affidavit of FBI Special Agent Brian Reynolds demonstrates necessity for issuance of the intercept orders. Dkt. #403, ¶ 26.

18 U.S.C. § 2518(1)(c) requires that each application for an order authorizing or approving the interception of a wire, oral, or electronic communication shall include:

> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

"[G]eneralized and conclusory statements that other investigative procedures would prove unsuccessful" will not satisfy the statute. *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983). However, the government is not required to wait until "all other possible means of investigation have been exhausted by investigative agents; rather, they only

require that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Torres*, 901 F.2d 205, 231 (2d Cir.), *abrogated on other grounds as recognized by United States v. Marcus,* 628 F.3d 36, 41 (2d Cir. 2010), *quoting United States v. Vazquez*, 605 F.2d 1269, 1282 (2d Cir.), *cert. denied*, 444 U.S. 1019 (1979).  Moreover, in reviewing a decision issuing an intercept order, it is not appropriate for the Court "to make a *de novo* determination of the sufficiency of the application," but only "to decide if the facts set forth in the application were minimally adequate to support the determination that was made."  *United States v. Diaz*, 176 F.3d 52, 109 (2d Cir.), *cert. denied by Rivera v. United States*, 528 U.S. 875 (1999) (internal quotation omitted).

Recognizing the difficulty of successfully utilizing traditional law enforcement methods to surveil complex criminal operations involving large conspiracies, the Court of Appeals for the Second Circuit has adopted a practical, commonsense approach to such determinations.  *United States v. Concepcion*, 579 F.3d 214, 218 (2d Cir. 2009).  The Court of Appeals has also noted that "wiretapping is particularly appropriate when the telephone is routinely relied on to conduct the criminal enterprise under investigation."  *United States v. Young*, 822 F.2d 1234, 1237 (2d Cir. 1987), *quoting United States v. Steinberg*, 525 F.2d 1126, 1130 (2d Cir. 1975), *cert. denied*, 425 U.S. 971 (1976).                  .

The affidavit of FBI Special Agent Reynolds describes in great detail the history of the investigation into the 31 Gang, information obtained based upon prior pen

registers and intercept orders relating to the investigation of the 31 Gang, use of confidential informants to conduct controlled purchases of cocaine from members of the 31 Gang, execution of a search warrant at a home utilized by the 31 Gang for narcotics distribution, physical surveillance of the individuals identified during the course of the investigation and the residences and vehicles those individuals were associated with. 08-MR-56. Despite these efforts, Special Agent Reynolds explains that normal investigative techniques have been unsuccessful, or appear unlikely to succeed in identifying the full scope and nature of the illegal activities and the participants in such illegal activities, or are too dangerous to employ. 08-MR-56. For example, Special Agent Reynolds informs the Court that confidential sources have been unable to purchase drugs from other members of the conspiracy and explains that the limited geographic area and neighborhood atmosphere in which the suspected members operate increases the likelihood that law enforcement officers will be identified should they attempt increased physical surveillance. 08-MR-56. Moreover, prior investigation establishes the use of wireless communications to facilitate drug distibrution and links the telephone number at issue to such activity. As a result, Special Agent Reynolds' affidavit is sufficient to support Judge Skretny's determination of necessity for issuance and continuation of the intercept order and it is, therefore, recommended that this aspect of defendant's motion to suppress be denied.

Probable Cause

Defendant argues that the application failed to demonstrate probable cause that the telephone lines sought to be intercepted were being used in connection with a conspiracy to distribute cocaine. Dkt. #400, ¶ 85.

The government responds that the application was sufficient to support Judge Skretny's determination that the telephone lines sought to be intercepted were being used to commit federal narcotics offenses. Dkt. #403, ¶ 29.

> 18 U.S.C. § 2518(3) permits a federal court
>
> to authorize interception of oral or wire communications if it determined, on the basis of facts submitted by the applicant, that there was probable cause to believe (a) that the individual was committing, had committed, or was about to commit an offense enumerated in 18 U.S.C. § 2516, (b) that particular communications concerning that offense would be obtained through such interception, and (c) that the facilities to be surveilled were being used or were about to be used in connection with the commission of such an offense. The standard of probable cause is the same as the standard for a regular search warrant, and a reviewing court will defer to the issuing court's determination that there was probable cause as long as there existed a substantial basis for a . . . judge to conclude that a search would uncover evidence of wrong-doing.

*United States v. Biaggi*, 853 F.2d 89, 95 (2d Cir. 1988) (internal quotations and citations omitted), *cert. denied*, 489 U.S. 1052 (1989). Thus, a determination of probable cause is based upon the totality of the circumstances, *to wit*, "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that . . . evidence of a crime will be found . . . ." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Upon review of the affidavit in support of the application (08-MR-56), for an intercept order for the telephone line which allegedly intercepted the defendant, *to wit*, telephone number 716-704-0280, the Court is satisfied that there is probable cause

to believe that interception of communications over that telephone number would produce evidence of drug crimes. FBI Special Agent Reynolds' affidavit sets forth sufficient facts to link this telephone line to codefendants in the drug conspiracy and to demonstrate the use of this telephone line in facilitating cocaine distribution. 08-MR-56. Accordingly, it is recommended that this aspect of defendant's motion to suppress be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*,

474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
               November 9, 2012

                                      *S/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**